### DANIEL CARTER v. THOMAS CRADY'S ADMR., Etc.

**Exceptions to Depositions Waived.**

Where no exceptions are found in the record and it does not appear that the court below acted on the exceptions, if filed, the presumption is that the exceptions were waived.

**Deficit in Lands — Sold.**

A surveyor's report that shows that only about 5 per cent. of the whole amount of the land sold is within the interference.

**Deed — Title.**

There can be no valid objection to title conveyed by husband and wife where a deed to same was properly acknowledged and lodged for record more than twenty years before the beginning of this action.

**Deed by Power of Attorney.**

A letter of attorney from a grantor, properly authenticated and dated prior to the deed, confers full power on an agent to convey land.

**Adverse Possession Sufficient Title.**

 The possession, by metes and bounds, of land for twenty years continu-ous and adverse and without interruption renders it unnecessary for grantor to produce and exhibit a connected chain of paper title from the Commonwealth.

APPEAL FROM LARUE CIRCUIT COURT.

January 24, 1867.

OPINION OF THE COURT BY JUDGE PETERS:

No exceptions to the deposition of Price are found in the record, and there does not appear to have been any action of the court on such exceptions if filed, so that, in any event, they would be regarded as waived.

From the surveyor's report it appears that the two tracts, the one conveyed by Price and that conveyed by Larue, contain 154½ acres, exclusive of all interference, so that even if appellant should not be able to get any part of the twenty-one acres, which is reported to be interfered with by Wilkins, the deficit is less than 5 *per cent.* of the quantity as represented to have been contained in the two tracts conveyed by Price and Larue and sold by intestate Crady to appellant.

As to the tract purchased of Price there can be no available objection to the title; the acknowledgment of the deed by Price and wife before the clerk of the proper court passed whatever estate either or both of them had in the land; it was effectual from the date of its acknowledgment and lodgment with the proper clerk for record, and on the trial of this cause more than twenty years had elapsed from its acknowledgment by the grantors, and more than forty years of continuous adverse possession under the same title had been completed; there could, therefore, be no available objection to the title to that piece.

The part purchased of Larue was conveyed by James Larue, agent for John J. Larue and wife, by deed bearing date the 30th of May, 1846, the deed recites that James Larue is the agent, and he professes to convey the land as the attorney in fact for John J. Larue and wife, and signs the deed as their agent, and a letter of attorney from John J. Larue to James Larue is filed, properly authenticated, dated prior to the deed conferring upon said James Larue full power to sell and convey any and all lands in said county. His authority to make the sale is unquestioned, and, we

think, the deed sufficient to pass whatever title of John J. Larue had in the land.

The possession by metes and bounds of this piece of land at the time of the trial had been held by Crady and appellant for twenty years continuous and adverse to all others; moreover the evidence conduces to show that Larue, under whom they claim, had actual possession of the land, claiming it as his own and looking to no one for title, for about fifteen years before the sale to Crady; such holding for a period of nearly thirty-five years without interruption, rendered it unnecessary for appellees to produce and exhibit a connected chain of paper title from the Commonwealth, as the possession was sufficient without it.

No objection was made to the deed in the court below tendered by appellees, and the tender was not controverted, and the objection that one of Crady's heirs had since died made in this court for the first time is not available.

Perceiving no objection, therefore, to the judgment of the court below the same is affirmed.